FILED'08 APR 17 09:32 USDC-ORM

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

LENNIE TY DAVIDSON,

        Plaintiff,               Civil No. 08-3004-CL

        v.                        REPORT AND
                                     RECOMMENDATION
F.B.I. AGENT SHAWN DOBLE,
 et al.,

        Defendants.

CLARKE, Magistrate Judge.

    Plaintiff, an inmate in the custody of the Oregon Department of Corrections, filed a complaint alleging that defendants violated his rights by disclosing his identity as a "snitch."

    By Order (#7) entered April 2, 2008, plaintiff's complaint was dismissed on the ground that the alleged conduct complained of did not occur within two years of the filing of plaintiff's complaint and that plaintiff's claim was barred by the statute of limitations.

1 - REPORT AND RECOMMENDATION

Plaintiff was advised that in order to state a claim he must allege some conduct or action by the defendants that occurred within 2 years of the filing of the complaint in this case. Plaintiff was allowed 30 days to file an amended complaint.

On April 14, 2008, plaintiff filed an Amended Complaint (#8). However, plaintiff's amended complaint does not cure the deficiency that led to the dismissal of his original complaint.

Plaintiff's original complaint alleged that "in 2002 around July" he cooperated with the FBI regarding a bank robbery investigation. Plaintiff alleged that after the robber "was caught in the act, Mr. Doble gave him my name as informant." Plaintiff further alleged that "on around July of 2006, I hear that Mr. Stanton [the bank robber] is released from prison, he is telling everyone I'm a snitch and I need to be killed." Plaintiff's pleading related how his life has been ruined and that he has "lost everything" due to defendant's alleged disclosure of his identity to Mr. Stanton.

Plaintiff's Amended Complaint (#8) does not allege any additional facts. Plaintiff simply argues that the "statute of limitations has no merit" because his life was not in danger until Mr. Stanton was released from prison in 2006.

As explained in the court's previous Order (#7), 42 U.S.C. § 1983 does not contain a specific statute of limitations for constitutional torts. Therefore, federal

2 - REPORT AND RECOMMENDATION

courts "borrow" the state statute of limitations in 42 U.S.C. § 1983 actions. See, Wilson v. Garcia, 471 U.S. 261, 266 (1985); Vaughan v. Grijalva, 927 F.2d 476, 478 (9th Cir. 1991).

In Oregon, the two year statute of limitations for personal injury actions, O.R.S. 12.110(1) applies to civil rights actions under 42 U.S.C. § 1983. Cooper v. City of Ashland, 871 F.2d 104, 105 (9th Cir. 1988); Davis v. Harvey, 789 F.2d 1332 (9th Cir. 1986).

Federal law determines when a cause of action accrues and the statute of limitations begins to run on a § 1983 claim. A federal claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action. Bagley v. CMC Real Estate Corp., 923 F.2d 758, 760 (9th Cir. 1991); see also, DeAnza Properties X, Ltd. v. County of Santa Cruz, 936 F.2d 1084, 1086 (9th Cir. 1991); Vaughan, supra, 927 F.2d 486, 480 (9th Cir. 1991).

In this case, plaintiff alleges that defendant disclosed his identity as a "snitch" to Mr. Stanton "in 2002 around July."

Plaintiff's argument that "what happen in 2002 is ongoing to this very day" and that his "life was not in danger until 2006, when Mr. Stanton was released from prison," Amended Complaint (#8), p. 1, is not persuasive. Plaintiff acknowledges that he knew of defendant's alleged disclosure in 2002, and I find that he had reason to know of his alleged "injury" at that time. Accordingly, plaintiff's claim, if

3 - REPORT AND RECOMMENDATION

any, accrued in 2002.

Based on the allegations of the complaint[s] before the court, any claim that plaintiff might have arising out of defendant's alleged conduct is barred by the statute of limitations. Plaintiff's federal claim (construed as a claim under 42 U.S.C. § 1983) should be dismissed on the ground that it is barred by the statute of limitations.

Plaintiff also alleges various state law claims. I find that it is appropriate to refrain from exercising federal jurisdiction over those claims.

If the federal claim giving rise to the court's jurisdiction is dismissed before trial, supplemental state law claims may be dismissed as well. 28 U.S.C. § 1367(c)(3). Indeed some cases hold that the proper exercise of discretion *requires* dismissal of state law claims unless "extraordinary circumstances" justify their retention. Wren v. Sletten Const. Co., 654 F.2d 529, 536 (9th Cir. 1991); Wentzka v. Gellman, 991 F.2d 423, 425 (7th Cir. 1993). However, most courts hold that whether to dismiss supplemental claims is fully discretionary with the district court. Schneider v. TRW, Inc., 938 F.2d 986, 993-994 (9th Cir. 1991), weighing factors such as economy, convenience, fairness and comity. Brady v. Brown, 51 F.3d 810 (9th Cir. 1995).

I find that there are no extraordinary circumstances that justify this court exercising supplemental jurisdiction over plaintiff's state law claims. Accordingly, plaintiff's

4 - REPORT AND RECOMMENDATION

supplemental state law claim should be dismissed without prejudice.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have ten (10) days from the date of service of a copy of this recommendation within which to file specific written objections with the court. Thereafter, the parties have ten (10) days within which to file a response to the objections. Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to _de novo_ consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.

DATED this 17 day of April, 2008.

Mark D. Clarke
United States Magistrate Judge